IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LAWRENCE D. KROEGER                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:19-cv-00050-NBB-JMV

GEICO GENERAL INSURANCE COMPANY                                        DEFENDANT

## ORDER

This cause comes before the court upon the plaintiff Lawrence D. Kroeger's motions in limine. Kroeger has sued the defendant, Geico General Insurance Company ("Geico"), for underinsured motorist coverage in this diversity action filed subsequent to a serious vehicular accident involving Kroeger and another driver, Jason Woods, who is not a party to the present action. Kroeger moves in limine as follows: (1) to exclude evidence regarding the payment of his past or future medical bills by his health insurers or the reduction of medical bills by his health insurer's negotiated provider contracts as violative of the collateral source rule; (2) to exclude evidence regarding payment of lost wages by his employer and short-term disability insurer also as violative of the collateral source rule and irrelevant and prejudicial; and (3) to exclude evidence of income taxation and its effect on the plaintiff's personal injury damages, including lost wages and earning capacity as irrelevant and prejudicial.

The defendant does not oppose Kroeger's first and third motions, and they will be granted. The defendant does, however, oppose exclusion of evidence that Kroeger's employer continued to pay his salary after the subject accident. "In Mississippi, the collateral source rule provides that compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation of damages." *Chickaway v. U.S.*, 2012 WL 3236518, at *1 (S.D. Miss. Aug. 7, 2012)

(quoting *Coker v. Five-Two Taxi Serv.*, 52 So. 2d 356 (Miss. 1951)). The plaintiff here was a salaried employee, an engineer at AmerisourceBergen in Olive Branch, Mississippi. His employer continued to pay Kroeger, its salaried employee, after the accident, as it was obligated to do. The court is of the opinion that a plaintiff's salary is not the type of payment contemplated by the collateral source rule, and Kroeger has presented no case law to the contrary in support of his argument. He argues that the evidence is irrelevant, but this court disagrees considering that Kroeger seeks damages in his complaint that include lost wages. The motion should therefore be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the plaintiff's motion in limine to exclude evidence of salary payment from his employer is **DENIED**. The remaining two motions in limine are **GRANTED** as unopposed.

This 30th day of March, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE