IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LAWRENCE D. KROEGER                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:19-cv-00050-NBB-JMV

GEICO GENERAL INSURANCE COMPANY                          DEFENDANT

**ORDER**

This cause comes before the court upon the defendant Geico General Insurance Company's motions in limine. The plaintiff, Lawrence D. Kroeger, has sued the defendant for underinsured motorist coverage in this diversity action filed subsequent to a serious vehicular accident involving Kroeger and another driver, Jason Woods, who is not a party to the present action. Geico moves in limine as follows: (1) to exclude any mention of this motion in limine at trial; (2) to exclude evidence of the policy limits or prior payments made to Kroeger by Jason Woods' liability insurer; (3) to exclude evidence of any statements made by Geico in attempting to settle Kroeger's claims; (4) to exclude testimony regarding the cause of Kroeger's heart attack other than that elicited from a qualified and properly designated cardiological medical expert; and (5) hearsay opinions contained within the Olive Branch Police Department's accident report.

Kroeger does not oppose the defendant's first motion in limine, to exclude reference to this motion in limine itself, or the defendant's third motion in limine, to exclude evidence of any statements made by Geico in attempting to settle Kroeger's claims, and accordingly, the motions will be granted.

As to Geico's second motion, Kroeger states that he does not intend to offer Jason Woods' settlement amount into evidence; nor does he intend to offer the evidence for The purpose of showing liability. He argues, however, that he should be allowed to examine Woods

regarding the settlement to prove bias or prejudice. Federal Rule of Evidence 408 prohibits the use of such evidence "to prove or disprove the validity or amount of a disputed claim …" Fed. R. Evid. 408(a). The rule does provide, however, that "[t]he court may admit this evidence for another purpose, such as proving a witness's bias or prejudice …." Fed. R. Evid. 408(b). The court will allow admission of the evidence within the constrains of Rule 408(b) if the circumstances properly present themselves at trial. The defendant's motion in limine is thus denied in this respect.

As to Geico's fourth motion, the court will allow testimony by Kroeger's treating physicians, including testimony regarding the complications of Kroeger's injuries including broken and displaced ribs, pneumothorax, hemopneumothorax, and how those complications may include stress on the heart and body as well as the potential for cardiac arrest. *See, e.g., Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (quoting *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("[A] treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment."); *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556 (D.C. Ind. 2003) ("The majority of courts permit physicians to present their opinions formulated during the course of treating a patient.")).

Finally, regarding Geico's fifth motion, Kroeger states that he does not intend to enter the Olive Branch Police Department's accident report into evidence or to solicit opinions as to the cause of the accident from Officer Will Higdon, the officer who arrived on the scene after the accident and wrote the report. Kroeger agrees that Officer Higdon's opinions should not be submitted to the jury by either side. Kroeger does, however, reserve the right to use the narrative by Jason Woods contained within the report for the purposes of examining Woods, if he is called

to testify, and to inquire as to admissions made by Woods to Higdon. The court finds that a ruling on this matter is premature at this time; thus, the defendant's motion in limine will be denied. The defendant will, however, have the option to re-urge its motion if the appropriate situation presents itself at trial.

Accordingly, it is **ORDERED AND ADJUDGED** that the defendant's motions in limine are hereby **GRANTED in part and DENIED in part**; to wit: the first and third motions are granted as unopposed; the second motion is denied to the extent the plaintiff may offer the relevant evidence subject to Fed. R. Evid. 408(b); the fourth motion is denied; and the fifth motion is denied at this time to be re-urged at trial, if necessary.

This 30th day of March, 2021.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE